Owen B. Walsh, Esq. Informal Opinion County Attorney No. 97-15 County of Nassau Nassau County Executive Building One West Street Mineola, N Y 11501-4820
Dear Mr. Walsh:
You have asked whether the county clerk must record any instrument properly executed and acknowledged that is presented for recording or whether the county clerk may refuse to record instruments that do not contain the information detailed in Real Property Law § 258. That section is entitled "Short forms of deeds and mortgages" and states that
 the use of the following forms of instruments for the conveyance and mortgage of real property is lawful, but this section does not prevent or invalidate the use of other forms. . . .
The introduction is followed by Schedules A through R, which set forth forms for various instruments. You have advised us that the county clerk's office declines to record instruments that do not contain the information detailed in the forms that appear in section 258.
We conclude that the clerk must accept for recording any instrument that is properly acknowledged and executed. Section 258, by its own terms, sets forth acceptable short forms and allows for the use of other forms of instruments. It contains no language requiring that certain information be presented in an instrument before it is filed, nor does it authorize the clerk to reject documents that do not contain specific information or display the information in a particular form.
Similarly, other provisions of the Real Property Law direct the clerk to file instruments offered for recording when accompanied by the proper fee. See, e.g., § 291. Article 12 of the County Law does not authorize the county clerk to evaluate documents presented for filing to determine their validity. In a prior opinion, we concluded that the county clerk's duty under the Real Property Law is to accept a deed for filing if it is submitted in recordable form and that the clerk is not authorized or required to ascertain the accuracy or veracity of a deed. Op Atty Gen (Inf) No. 96-39. Moreover, as we previously have concluded, conveyancing and recording requirements are matters of State concern that are not subject to regulation by local law. 1960 Op Atty Gen (Inf) 115; Op Atty Gen (Inf) No. 92-55. Application of varying local standards would not be appropriate.
Thus, we conclude that the county clerk must accept for recording any instrument that is properly acknowledged and executed, and may not refuse to record instruments that do not contain the information detailed in Real Property Law § 258.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General